IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No.  1:13-cr-210 |
| Plaintiff, | ) | |
| | ) | **UNITED STATES' MOTION IN** |
| v. | ) | **LIMINE** |
| | ) | |
| ZACHARY WOLFF, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America by, Timothy Q. Purdon, United States Attorney for

the District of North Dakota, and Gary L. Delorme, Assistant United States Attorney,

submits this Motion in Limine to prevent Defendant Wolff and his counsel from:

1) Erroneously presenting argument, statements or otherwise to the jury

   suggesting that the crime, as charged, requires or necessitates that the

   United States prove, or that the law requires, a live 'victim' existed or was

   involved in the matter;

2) Presenting statements and/or arguments to the jury indicating the potential

   punishment involved or suggestive of the level of punishment involved for

   this particular crime or suggesting to the just that this is a "high level

   felony," that this is a "serious crime," or any variation thereof that would

   result in an attempt to nullify the jury; and

3) Inserting any argument, statement or comments relative to Title 18, United

   States Code, Section 1592(b) is improper as this statutory language is

   relevant only to punishment.

## FACTS

On or about November 22, 2013 undercover agents with the North Dakota Bureau of Criminal Investigation and the members of Homeland Security Investigations conducted a "john" sting operation in the Dickinson, North Dakota area.   The operation involved placing ads on the websites Craigslist and Backpage (in the escort and discreet relationship sections of the sites).   When individuals responded to the ads they were told in the very first communications the ages of the individuals being offered for commercial sexual relationships.   Generally, the undercover officer would offer a choice of two underage females aged 14-years and 16-years.   At that point the individual either continued the communications and began to negotiate the rate and the sex acts to be performed or would simply not reply or reply in the negative.   Agents did not pursue individuals who did not reply or replied in the negative.   Those that continued to negotiate were then given a location of a hotel room and a code word that they understood would be the only word that the awaiting female would answer the door to.

On November 23, 2014, Wolff replied to a Craigslist ad and was told that the undercover officer, acting as a pimp, had either a 14-year-old blonde or a 16-year-old brunette female available.   Wolff replied, "woah, got anything 18yo or older?"   The undercover agent's only response was "nope."   Wolff then responded, "On second thoughts what's the rate on the brunette?"   At that point Wolff actively negotiates for one-hour of sex and anal sex with the brunette for a price of $200.

Wolff was given a location and a code word.   Wolff responded to the location, knocked on the hotel door and supplied the code word.   The door was then opened and

Wolff was taken into custody.   He was searched and his iPhone was seized, as well as, $200 in United States currency and new three-pack of condoms.

Later, after receiving his Miranda warnings, Wolff admits to the conduct and indicates he drove to the location to engage in sex with the 16-year-old brunette in exchange for $200 for a one-hour period of time. He admitted using his iPhone to communicate, via the internet, with the undercover agent and he also indicated that he stopped at the store and picked up the condoms on the way to the meet location.

## ARGUMENT

**1)      A 'live' victim is not required for a conviction to the crime of "attempt to commit sex trafficking of minors."**

In <u>United Stated v. Jungers</u>, undercover agents offered, via online advertisements, the availability of an 11-year-old child for commercial sex acts.   702 F.3d 1066 (8th Cir. 2013).   Jungers, and another individual named Bonestroo, replied to the ad and negotiated a monetary price to meet with and engage in sex with the minor, however, when Jungers and Bonestroo arrived at the designated meet location they were placed under arrest.   <u>Id</u>.   There was no 11-year-old female actually available, so both Jungers and Bonestroo were charged under Title 18, United States Code, Sections 1591 and 1594 for attempted sex trafficking of minors.   <u>Id</u>.   Both individuals were convicted at trial; however, both convictions were overturned by the court.   <u>Id</u>.   The United States appealed and the matter was remanded with instructions to reinstate the convictions and to sentence Jungers and Bonestroo accordingly.   <u>Id</u>.

In issuing its opinion in <u>Jungers</u>, the Eighth Circuit, having reviewed the facts surrounding the sting operation, which are essentially the same as the facts of the case at bar, has indicated that pursuant to a charge of attempt there is no need or requirement for a 'live' victim.    As is typical in these kinds of sting operations a charge statutorily authorized as an 'attempt' criminalizes the criminal intent of the defendant and not a completed act.    The fact that Wolff negotiated the exchange of money for sex with a 16-year-old, stopped for condoms and arrived at the meet location clearly indicates Wolff's criminal intent to have commercial sex with a minor.

Because of the current state of the case law in the Eighth Circuit, it would be inappropriate for Wolff or his counsel to suggest to a jury that a live victim is necessary for them to convict the defendant as charged.    In fact, it would an erroneous statement of the law, improper at all levels and one that would result in mistrial.

Because of the current state of the law the United States request the Court to issue a cautionary instruction to Wolff and his counsel indicating the Court will not allow any arguments, statements or suggestions to the jury that a 'live' victim is necessary for a conviction in the matter.

> **2)**     **Punishment is the sole province of the Court.**

The Eighth Circuit has repeatedly indicated that the issue of "punishment is within the province of the court" and that "'The jury is to find guilt or innocence on the basis of the legal standards set out in the Judge's charge, and the consequences in terms of punishment is a matter for Congress on mandatory sentences or for the Court within limits fixed by the

statute.'"   United States v. Delgado, 914 F.2d 1062, 1067 (8th Cir. 1990)(citing United States v. Del Toro, 426 F.2d 829 (1970).

The Court went on to explain in United States v. Thomas that to instruct a jury about the potential sentence or consequences of a conviction would not only be irrelevant and improper, but would also only serve to confuse the jury.   895 F.2d 1198, 1200 (8th Cir. 1990). Affirming the premise and precedence in Thomas, the Court in United States v. Wilcox affirmed the district court's decision denying the defendant's request to present argument to the jury that indicated the potential punishment of the defendant.   487 F.3d 1163, 1173 (8th Cir. 2007).   The Court indicated that the "details regarding potential punishment were irrelevant to the jury's duty to determine whether Wilcox should be convicted of the charged offenses." Id.

In the matter before the bar, as in Thomas and Wilcox, it would be improper and irrelevant to allow the defendant to argue the potential sentence to the jury or suggest that somehow this case is more serious or a higher level of felony than any other matter before the Court.   The jury, as the trier of fact, is essentially already carrying an enormous burden in deciding guilt or innocence within the parameters of law as charged by the Judge.   It would overly burdensome to the jury and serve no other purpose but to nullify their charged duties.

Jury nullification itself is improper.   A criminal defendant already enjoys a plethora of rights and safeguards in the jury trial process.   One obvious safeguard is the burden by which the United States must prove the crime.   That burden is universally recognized as "beyond a reasonable doubt."   Any jury nullification argument serves no other purpose but to increase the burden upon the United States.   Therefore, to allow the defendant to advance any argument or evidence that appeals to the jury's personal emotions or attempts to raise concerns based upon the potential outcome of a conviction is wholly improper, irrelevant and unfairly

5

prejudices the United States' ability to prove the matter "beyond a reasonable doubt" within the parameters of the law.

Because of the current state of the law the United States request the Court to issue a cautionary instruction to Wolff and his counsel indicating the Court will not allow any arguments, statements or suggestions to the jury that suggest any punishment issue by any means, to include: suggesting that the defendant is facing serious repercussions if convicted, offering that this case is "serious," that this case is a "higher level felony," or any offering any veiled reference to potential sentencing or punishment, in particular references to any advancement in age due to conviction, etc.

**3)      Section 1591(b) language is pertinent to punishment only and is not included as statutory language under the charge contained in 1591(a).**

Counsel for Wolff has indicated that the Court should instruct the jury to include language relative to section 1591(b).   Section 1591(b) is the punishment section for violation occurring under Section 1591(a).   Counsel's request is nothing more than a back-door type of request that would allow for argument that the law requires a "person" who had attained the requisite age.   In other words, counsel is attempting to circumvent Section 1594, which criminalizes the "attempt" to commit a crime under Section 1591.

The United States position, based upon case law and common criminal law practice, that no 'live' victim is necessary and any attempt to argue or state otherwise by the defendant will only result in jury confusion and/or mistrial.   It is more than sufficient

that the charge in this matter indicates an age for the jury to find, which fulfills the requirements of Section 1591(b).

The United States request that the Court deny counsel's request for additional non-relevant language in the instructions and again asks the Court to instruct counsel for defense that suggesting to the jury, in any manner, that a 'live' victim is required for conviction is improper and will result in a corrective instruction or a mistrial.

Dated this 17th day of June, 2014.

TIMOTHY Q. PURDON
United States Attorney


By:    /s/ Gary L. Delorme
GARY L. DELORME
Assistant United States Attorney
P. O. Box 699
Bismarck, ND    58502-0699
(701) 530-2420
N.D. Bar Board ID No. 05845
Attorney for United States

7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No.   1:13-cr-210 |
| Plaintiff, | ) | |
| | ) | CERTIFICATE OF SERVICE |
| v. | ) | |
| | ) | |
| ZACHARY WOLFF, | ) | |
| | ) | |
| Defendant. | ) | |

I hereby certify that on June 17, 2014, the following documents:

**United States Motion in Limine**

were filed electronically with the Clerk of Court through ECF, and that ECF will send a Notice of Electronic Filing (NEF) to the following:

MICHAEL R. HOFFMAN
hoffmanmike@yahoo.com

I further certify that a copy of the foregoing documents and the Notice of Electronic Filing will be mailed by first class mail, postage paid, to the following:

Dated: June 17, 2014.

/s/ Angel Pedersen
ANGEL PEDERSEN
Office of the United States Attorney