**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING GOVERNMENT'S** |
| | ) | **MOTION IN LIMINE** |
| vs. | ) | |
| | ) | |
| Zachary Wolff, | ) | Case No. 1:13-cr-210 |
| | ) | |
| Defendant. | ) | |

Before the Court is the "United States' Motion in Limine" filed on June 17, 2014.  See Docket No. 38.  The Defendant filed a response in opposition to the motion on June 17, 2014.  See Docket No. 39.  For the reasons outlined below, the Government's motion in limine is granted.

## I.   BACKGROUND

The Defendant, Zachary Wolff, was charged in an indictment with one count of Attempted Sex Trafficking of a Child.  Specifically, the indictment reads

> On or about November 23, 2013, in the District of North Dakota, ZACHARY WOLFF knowingly attempted to recruit, entice, harbor, transport, provide, obtain and maintain by any means, in and affecting interstate or foreign commerce, a minor female, whom he believed to be 16 years of age, knowing and in reckless disregard of the fact that the female minor had not attained the age of 18 years and that the female minor would be caused to engage in a commercial sex act; All in violation of Title 18, United States Code, Sections 1591(a)(1) and 1594(a).

See Docket No. 16.  The charge in the indictment relates to Wolff's response to a Craigslist advertisement placed by law enforcement officers as part of an undercover operation to identify persons attempting to purchase minors for commercial sex.

On November 22, 2013, undercover law enforcement officers placed the following advertisement on www.craigslist.com:

> **Horny For Young Fun??? –w4m- 18 (Dickinson, ND)**
> Do you have a sweet tooth? Come taste my sweet young candy. You won't be disappointed. Specials available for serious inquiries.

See Docket No. 1-1, p. 2. Wolff responded to the advertisement and was informed two girls were available – a 14-year old and a 16-year old. The Defendant inquired as to whether there were any girls 18 years of age or older. Undercover officers told Wolff the only girls available were the 14-year old and the 16-year old. Wolff negotiated with the undercover officers for a meeting with the 16-year old. The undercover officers emailed Wolff a photo of a female posing as a 16-year old and a price of $200 for one hour with the 16-year old girl was agreed upon by Wolff and the undercover officers. The undercover officers directed Wolff to meet the 16-year old girl at a Dickinson hotel room on a specified date and time. Upon Wolff's arrival at the hotel room, he was arrested and taken into custody.

The Government has filed a motion in limine seeking to prevent the Defendant and his defense counsel from:

1. Presenting any arguments and/or statements to the jury suggesting that the crime, as charged, requires the Government prove, or that the law requires, an actual minor victim existed or was involved in the underlying offense.

2. Presenting any arguments and/or statements to the jury indicating the potential punishment involved or suggesting the level of punishment involved for the crime charged, or suggesting to the jury that this is a "high level felony," a "serious crime," or any other variation thereof that would result in an attempt to nullify the jury.

3. Presenting any arguments and/or statements relative to 18 U.S.C. § 1591(b).

See Docket No. 38. The Defendant opposes the Government's motion and argues he is entitled to present arguments regarding the matters the Government seeks to exclude. See Docket No. 39.

## II. LEGAL DISCUSSION

### A. ACTUAL MINOR VICTIM

The Government contends an actual minor victim is not required for a jury to find the Defendant guilty of the crime charged in the indictment. The Defendant is charged with the crime of attempted sex trafficking of a child in violation of 18 U.S.C. §§ 1591(a)(1) and 1594(a). See Docket No. 16. The Eighth Circuit Court of Appeals has had the opportunity to analyze the statutes under which Wolff has been charged. In *United States v. Jungers*, two defendants were separately convicted of the offense of attempted sex trafficking of a minor in violation of 18 U.S.C. §§ 1591 and 1594. 702 F.3d 1066 (8th Cir. 2013). The United States District Court for the District of South Dakota granted each defendant's motion for judgment of acquittal and the Government appealed. On appeal, the Eighth Circuit held the evidence was sufficient to support the convictions of both defendants, reversed the judgments of acquittal, and remanded the cases to the district court with instructions to reinstate the jury verdict and proceed with sentencing. Id. at 1076.

The sole issue on appeal was whether the plain and unambiguous provisions of 18 U.S.C. § 1591 applied to both suppliers and consumers of commercial sex acts. Id. at 1069. In finding the statute applied with equal force to both suppliers and consumers, the Eighth Circuit analyzed the language of the statute itself as well as the congressional intent of enacting the statute. Id. The underlying facts in *Jungers* are similar to the underlying facts of this case. In *Jungers*, undercover agents posted online advertisements offering the availability of an 11-year old female for commercial sex acts. The defendants each responded to the advertisement, negotiated a price to meet and engage in sexual acts with an alleged minor female, and were arrested upon arrival at the designated meeting place.

Although the issue of whether an actual minor was required to uphold a conviction under 18 U.S.C. §§ 1591 and 1594 was apparently not raised in *Jungers*, the Eighth Circuit had the opportunity to address it.  The facts underlying the offenses the defendants were charged with in *Jungers* reveal that law enforcement officers employed the use of an undercover female law enforcement officer to portray a minor female.  There was never an actual minor involved in the undercover operation in South Dakota.  The Court is of the opinion that if the Eighth Circuit believed an actual minor was necessary to uphold a conviction under 18 U.S.C. §§ 1591 and 1594, the issue would have likely been addressed *sua sponte* in *Jungers* rather than uphold the convictions and remand for sentencing.[1]

The Eighth Circuit Court of Appeals, as well as several other circuit courts of appeals[2], have specifically addressed the issue of whether an actual minor is required for a conviction under 18 U.S.C. § 2422, coercion and enticement.  In *United States v. Helder*, the defendant was charged under 18 U.S.C. § 2422 for crimes relating to an alleged attempt to entice a minor to engage in illegal sexual activity. The district court dismissed the indictment, finding the plain reading of the statute required the government to prove the individual involved in the communication was under the age of 18.  452 F.3d 751 (8th Cir. 2006).  On appeal, the Eighth Circuit overturned the district court's decision, holding an actual minor is not required for an attempt conviction under 18 U.S.C. § 2422. Id. at 756.

---

[1] Neither the parties nor the Court were able to locate any decisions from any federal appellate courts through the country which have addressed the specific issue presented in this dispute.

[2] The existence of an actual minor is not required to sustain a conviction under 18 U.S.C. § 2422. See United States v. Gagliardi, 506 F.3d 140, 145-46 (2d Cir. 2007); United States v. Tykarsky, 446 F.3d 458, 466 (3d Cir. 2006); United States v. Sims, 428 F.3d 945, 960 (10th Cir. 2005); United States v. Meek, 366 F.3d 705, 717-20 (9th Cir. 2004); United States v. Root, 296 F.3d 1222, 1227-29 (11th Cir. 2002); United States v. Farner, 251 F.3d 510, 513 (5th Cir. 2001); United States v. Bailey, 228 F.3d 637,639 (6th Cir. 2000).

In *United States v. Hicks*, the defendant was indicted by a grand jury under 18 U.S.C. § 2423 for crimes relating to an alleged attempt to engage in sexual activity with a minor, and the district court dismissed the indictment because no actual minor was involved.  457 F.3d 838 (8th Cir. 2006).  In overturning the district court's decision, the Eighth Circuit expanded on its decision in *Helder*, and found the defendant could still be convicted even though the alleged offense was directed towards someone the defendant believed to be a minor, but who was actually not a minor. Id. at 841.  In *United States v. Spurlock*, the defendant was charged in a seven-count indictment with violations of 18 U.S.C. §§ 2422, 2423, and 1470, and was convicted on all counts.  495 F.3d 1011 (8th Cir. 2007).  On appeal, the defendant challenged his conviction, arguing he conversed only with an undercover agent and no actual minor was involved thus, no violation of federal law occurred.  Id. at 1013.  The Eighth Circuit held:

> [The defendant's] argument is foreclosed by our decisions in United States v. Helder, 452 F.3d 751 (8th Cir. 2006), and United States v. Hicks, 457 F.3d 838 (8th Cir. 2006). In *Helder,* we concluded that an actual minor victim is not required for the crime of attempted enticement under § 2422(b).  In *Hicks,* we extended that reasoning to § 2423(b)'s prohibition of travel with intent to engage in illicit sexual conduct.  *Helder* and *Hicks* control here, and apply with equal force to the third statute under which Spurlock was convicted: attempt to knowingly transfer obscene matter to a minor under § 1470. Spurlock's belief that the person to whom he transferred obscene matter was under the age of sixteen is sufficient to convict him of attempt, even if the recipient was actually an adult.

Id. (internal citations omitted).

The Court recognizes the statutes analyzed by the Eighth Circuit in *Hicks*, *Helder*, and *Spurlock* are different than the statutes the Defendant is charged with violating in this case. However, it is worth noting the facts underlying *Hicks*, *Helder*, and *Spurlock* are very similar to the facts underlying the crime Wolff is charged with.  Further, the facts in *Jungers*, where the defendant was convicted for violations of the same statutes under which Wolff is charged, are

similar. In all of these cases, law enforcement officers were conducting undercover "sting" operations to identify individuals attempting to engage in sexual conduct with other individuals whom they believed were minor females. In all of these cases, the defendants were unaware at the time of the offense that the individuals they were communicating with were in reality, undercover law enforcement officers, and not actual minors

Although there is certainly a distinction in the statutes the defendants were convicted of violating in *Hicks*, *Helder*, and *Spurlock*, the Court finds the same analysis employed by the Eighth Circuit in those cases is applicable here. In *Helder*, the Eighth Circuit stated:

> We also find the reasoning of other circuits that have addressed this issue persuasive. First, the Fifth Circuit rejected a defendant's argument that it was legally impossible for him to attempt to entice a minor to engage in unlawful sexual activity because the alleged "minor" was actually an undercover FBI agent. [Farner, 251 F.3d at 512]. The court viewed the case as one of factual impossibility "because the defendant unquestionably intended to engage in the conduct proscribed by law but failed to only because of the circumstances unknown to him." Id. at 512-13 (explaining that factual impossibility is not a defense to the crime if the defendant could have committed the crime had the attendant circumstances been as the actor believed them to be, while legal impossibility is where the defendant's actions, even if carried out, do not constitute a crime). . . . The court held that the evidence showed that the defendant "intended to engage in sexual acts with a 14–year–old girl and that he took substantial steps toward committing the crime" because the defendant's scheme, "if fully carried out as he 'desired' or 'planned,' was not to engage in sexual relations with an adult FBI officer," but to entice a minor female. *Id.*

Helder, 452 F.3d at 754-55. Similarly here, the Defendant may not present a defense of factual impossibility relating to the fact that no actual minor victim existed. The Court finds the Defendant may be convicted of the offense, as charged in the indictment, even if the attempt was directed towards someone the Defendant believed was a minor at the time of the offense, but who was actually an undercover law enforcement officer.

As noted in the Court's order denying the Defendant's motion to dismiss the indictment, the fact the alleged minor female was not actually a minor is irrelevant. A jury could reasonably determine Wolff believed the alleged minor female was 16-years old at the time of the alleged offense. The statute, 18 U.S.C. § 1591(a), like 18 U.S.C. § 2422, requires a guilty mind. The guilt arises from a defendant's knowledge of what he intends to do and this knowledge is subjective – it is what is in the mind of the defendant at the time the offense is committed. See Meek, 366 F.3d at 718.

Wolff is charged with an attempted violation of 18 U.S.C. § 1591(a). See 18 U.S.C. § 1594(a) (Whoever attempts to violate section . . . 1591 shall be punishable in the same manner as a completed violation of that section). Crimes of attempt underscore Congress' effort to impose liability regardless of whether a defendant succeeded in the commission of the intended crime. The Court **GRANTS** the Government's motion in limine relating to the existence of an actual minor. The Defendant and defense counsel are prohibited from presenting arguments and/or statements to the jury suggesting that the crime, as charged, requires the Government prove, or that the law requires, an actual minor victim existed or was involved in the matter.

### B.     POTENTIAL PUNISHMENT AND 18 U.S.C. § 1591(b)

The Government contends punishment is the sole province of the Court and neither the Defendant nor defense counsel should be allowed to make any arguments, statements, or suggestions to the jury regarding punishment. The Government further contends the language in 18 U.S.C. § 1591(b) is pertinent to punishment only and, as a result, should not be included in the jury instructions.

It is well-established in the Eighth Circuit that punishment is within the province of the Court. United States v. Delgado, 914 F.2d 1062, 1067 (8th Cir. 1990). "The jury is to find guilt or innocence on the basis of the legal standards set out in the Judge's charge, and the consequence in terms of punishment is a matter for Congress on mandatory sentences or for the Court within limits fixed by the statute." Id. (quoting United States v. Del Toro, 426 F.2d 181, 184 (5th Cir. 1970)). Further, in analyzing cases where the jury is to reach its verdict without regard to what sentence might be imposed, the United States Supreme Court has held:

> The principle that juries are not to consider the consequences of their verdicts is a reflection of the basic division of labor in our legal system between judge and jury. The jury's function is to find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged. The judge, by contrast, imposes sentence on the defendant after the jury has arrived at a guilty verdict. Information regarding the consequences of a verdict is therefore irrelevant to the jury's task. Moreover, providing jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion.

Shannon v. United States, 512 U.S. 573, 579 (1994) (internal citations omitted).

"[I]n the federal system the traditional role of the jury has been to decide questions of guilt or innocence, and not to determine the proper punishment a defendant should receive." United States v. Thomas, 895 F.2d 1198, 1200 (8th Cir. 1990) (quoting United States v. Goodface, 835 F.2d. 1233, 1237 (8th Cir. 1987)). Consequently, sentencing procedures or discussions regarding the potential punishment a defendant may receive are irrelevant to the issues a federal jury must decide. Id. "To inform a federal jury about a defendant's punishment would only introduce improper and confusing considerations before it." Id.

The case law in the Eighth Circuit is clear. It is improper for the jury to hear information relative to any potential punishment or sentence a defendant may receive on the charges before the jury. The Court finds the language of 18 U.S.C. § 1591(b) is clear and unambiguous and relates

directly to the punishment of a defendant charged under 18 U.S.C. § 1591(a).  Therefore, the language of § 1591(b) is irrelevant to the jury's decision and should not be considered by the jury.

The Court **GRANTS** the Government's motion in limine relating to the Defendant's potential punishment and 18 U.S.C. § 1591(b).  The Defendant and defense counsel are prohibited from presenting any arguments and/or statements to the jury regarding any potential punishment the Defendant may receive or the suggestive level of such punishment.  Further, the Defendant and defense counsel are prohibited from presenting any arguments and/or statements relative to 18 U.S.C. § 1591(b).

### III.  CONCLUSION

After carefully reviewing the parties' briefs, the relevant case law, and the entire record, the Court **GRANTS** the Government's motion in limine (Docket No. 38).  The Defendant and defense counsel are prohibited as follows:

> 1.  The Defendant and defense counsel are prohibited from presenting any arguments and/or statements to the jury suggesting that the crime, as charged, requires the Government prove, or that the law requires, an actual minor victim existed or was involved in the matter.
>
> 2.  The Defendant and defense counsel are prohibited from presenting any arguments and/or statements to the jury regarding any potential punishment the Defendant may receive or the suggestive level of such punishment.
>
> 3.  The Defendant and defense counsel are prohibited from presenting any arguments and/or statements relative to 18 U.S.C. § 1591(b).

**IT IS SO ORDERED.**

Dated this 19th day of June, 2014.

/s/ *Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court