**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Zachary Wolff, | ) | |
| | ) | Case No. 1:13-cr-210 |
| Defendant. | ) | |

Before the court is a "Motion to Remove Ankle Bracelet" filed by defendant on September 4, 2015. Defendant was convicted of the offense of coercion and enticement as charged in an Information. He was conditionally released with instructions to surrender at the institution designated by the Bureau of Prisons at such time as all appellate issues are resolved before the Eighth Circuit Court of Appeals. His conditions of release include the requirement that he be electronically monitored. He now asks that his ankle bracelet used to electronically monitor his whereabouts be removed. In so doing, he avers that he has had no incidents to date while on release, that his supervising pretrial service officer in Texas is in favor or removing the bracelet, and that he is scheduled to self surrender in Dallas in November.

The Government filed a response in opposition to defendant's motion on September 9, 2015. It avers that, given the nature of the offense, electronic monitoring of defendant is mandated by 18 U.S.C. § 3142(c)(B). It further avers that defendant has not offered any justification for the removal of the ankle bracelet.

The court will not eliminate all conditions requiring electronic monitoring. Defendant's motion (Docket No. 73) is therefore **DENIED**. That being said, the court shall leave it to the

1

discretion of the Supervising Pretrial Service Officer to electronically monitor defendant in the manner that the Pretrial Services Office deems appropriate.

**IT IS SO ORDERED.**

Dated this 10th day of September, 2015.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court
